## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**INLAND FAMILY PRACTICE CENTER, LLC**                    **PLAINTIFF**

v.                                   **CIVIL ACTION NO. 2:18-CV-140-KS-MTP**

**ALEX M. AZAR, II,**
**Secretary of the United States Department**
**of Health and Human Services**                          **DEFENDANT**

### ORDER

This case involves an appeal from Defendant's determination that Plaintiff was overpaid for certain claims, primarily urine drug screenings provided to Medicare beneficiaries between January 1, 2011, and May 29, 2014. After various levels of administrative appeal, the total amount of alleged overpayment was approximately $3,000,000.00. Plaintiff seeks judicial review of the final decision rendered by the Medicare Appeals Council ("MAC").

In its order of September 11, 2020, the Court denied the parties' cross-motions for summary judgment and remanded this case to the Secretary for reconsideration in light of evidence that was not previously considered in reaching its determination, pursuant to 42 U.S.C. § 405(g). Specifically, the Court ordered the Secretary to consider a report from the Governor's Opioid and Heroin Study Task Force, and partially favorable reconsideration decisions issued by a QIC for the same services and patients involved in the subject claims. *See* Exhibit D to Complaint, *Inland Family Practice Ctr., LLC*, No. 2:18-CV-140-KS-MTP (S.D. Miss. July 23, 2018), ECF

No. 1-5; Exhibits 3 & 4 to Motion for Summary Judgment, *Inland Family Practice Ctr., LLC*, No. 2:18-CV-140-KS-MTP (S.D. Miss. Oct. 7, 2019), ECF Nos. 44, 44-1.

Defendant filed a Motion for Reconsideration [57]. First, Defendant argues that the Task Force Report was neither "new" nor material. The Court disagrees. First, the report was not finalized and published until August 2, 2017, after this matter had already been escalated to the MAC. Second, the report is material because it provides guidance on the reasonableness and necessity of the services underlying many of the disputed claims. Specifically, the task force acknowledged that anyone who has been regularly prescribed opioids is at risk of addiction and should receive regular qualitative and quantitative drug screenings.

Defendant also argues that the reconsideration decisions are not material to this dispute because they address different claims for services. The Court disagrees. Defendant does not dispute that the later claims were for the same services, by the same provider, reviewed by the same auditor, in some cases provided to the same patients. Defendant argues that every patient has different vital signs and medical conditions, and must be reviewed on their own terms. However, the material issue in this dispute is whether regular qualitative and quantitative drug screenings are reasonable and necessary for those receiving regular opioid prescriptions for pain management. Therefore, the reconsideration decisions were rendered in cases materially identical to those here. There is no logical reason why materially identical claims should be denied in one case and paid in another. At the very least, the party

2

rendering the decision should provide an explanation as to why the former claims were denied, but the latter claims were paid.

For these reasons, the Court **denies** Defendant's Motion for Reconsideration [57]. This case shall remain administratively closed until the agency returns to court with "such additional and modified findings of fact and decision, and . . . a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based." 42 U.S.C. § 405(g).

SO ORDERED AND ADJUDGED this 3rd day of November, 2020.

>          /s/      Keith Starrett
>                 KEITH STARRETT
>      UNITED STATES DISTRICT JUDGE