# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**INLAND FAMILY PRACTICE CENTER, LLC**          **PLAINTIFF**

**v.**         **CIVIL ACTION NO. 2:18-CV-140-KS-MTP**

**ALEX M. AZAR, II,**
**Secretary of the United States Department**
**of Health and Human Services**         **DEFENDANT**

## ORDER

This is an appeal from Defendant's determination that Plaintiff was overpaid for certain Medicare claims, primarily for urine drug screenings provided to beneficiaries between January 1, 2011, and May 29, 2014. After various levels of administrative appeal, the total amount of alleged overpayment was approximately $3,000,000.00. Plaintiff sought judicial review of the final decision rendered by the Medicare Appeals Council ("MAC"). On September 11, 2020, the Court remanded this case to the Secretary for reconsideration of the MAC's decision in light of new evidence.

Approximately eight months later, Plaintiff filed an Emergency Petition for Writ of Mandamus [62], asking the Court to issue a writ of mandamus compelling the Secretary to render a decision on the remand no later than July 25, 2021. Plaintiff argues that the MAC did nothing for over seven months and then remanded the case to the Office of Medicare Hearings and Appeals ("OMHA") for further proceedings before an Administrative Law Judge ("ALJ"). Plaintiff notes that during the initial

pendency of its case before an ALJ, the case languished without a hearing, forcing Plaintiff to request escalation to the MAC, skipping the ALJ level of the appeal process. It appears to be undisputed that Defendant has a significant backlog of unaddressed Medicare appeals.[1] Plaintiff contends that it is entitled to a hearing and decision from OMHA within ninety days of its receipt of the case from MAC, that OMHA will certainly not meet that deadline, and that a writ of mandamus is the only available remedy.

This Court has original jurisdiction over "any action in the nature of mandamus." 28 U.S.C. § 1361. "Mandamus is an extraordinary remedy . . . ." *Cargo Transporters, Inc. v. Fed. Motor Carrier Safety Adm'n*, 836 F. App'x 321, 322 (5th Cir. 2021). It "is only appropriate when the duty is so plainly prescribed as to be free from doubt; thus, mandamus is not available to review the discretionary acts of agency officials." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011). Rather, "[t]he petitioner must demonstrate (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997).

"The third element requires that there be no other adequate remedy available. This requires exhaustion of any adequate administrative remedies before a court may issue mandamus." *Wolcott*, 635 F.3d at 768. "An alternative remedy, including an administrative remedy, is adequate if it is capable of affording full relief as to the

---

[1] *See Supreme Home Health Servs., Inc. v. Azar*, 812 F. App'x 229, 232 (5th Cir. 2020) (acknowledging backlog of Medicare appeals).

2

very subject matter in question." *Id.* Even if Plaintiff proves all three elements, "the decision to grant or deny the writ remains within the court's discretion because of the extraordinary nature of the remedy." *Id.*

Plaintiff argues that it has a statutory right to receive a hearing and ruling from an ALJ within ninety days of the case's remand to OMHA from the MAC, citing 42 U.S.C. § 1395ff. The statute provides, in relevant part: "[A]n administrative law judge shall conduct and conclude a hearing on a decision of a qualified independent contractor under subsection (c) and render a decision on such hearing by not later than the end of the 90-day period beginning on the date a request for hearing has been timely filed." 42 U.S.C. § 1395ff(d)(1)(A). This time period applies to cases where the MAC remands a case to OMHA, and the clock begins to run on the date OMHA received the remand from the MAC. 42 C.F.R. § 405.1016(b)(2). If an ALJ fails to meet the deadline imposed by § 1395ff(d)(1)(A), "the party requesting the hearing may request a review by" the MAC. 42 U.S.C. § 1395ff(d)(3)(A). In that case, the MAC has ninety days to review the case and make a decision. *Sahara Health Care, Inc. v. Azar*, 975 F.3d 523, 526 (5th Cir. 2020). Alternatively, the claimant can skip the ALJ and "escalate" the case to the MAC, in which case the MAC gets 180 days to review the case and make a decision. *Id.* If the MAC does not render a decision within the prescribed time period, the claimant can then seek judicial review. *Id.*

Therefore, "[w]hile the statute imposes deadlines for completion at each step of the process, it also anticipates that the deadlines may not be met and thus gives

3

the healthcare provider the option of bypassing each step and escalating the claim to the next level, ultimately reaching judicial review by a United States district court within a relatively prompt time." *Cumberland Cnty. Sch. Hosp. Sys., Inc. v. Burwell*, 816 F.3d 48, 54 (4th Cir. 2016). In other words, the Medicare Act imposes deadlines on each step of the appeal process, but it also provides consequences if those deadlines are not met. "Congress specifically gave the healthcare provider a choice of either waiting for the ALJ hearing beyond the 90-day deadline or continuing within the administrative process by escalation to the next level of review." *Id.* at 55.

Accordingly, the Court concludes that Plaintiff currently has another adequate remedy: continuing within the statutory appeal process laid out above. Plaintiff can wait to see if the ALJ addresses its claim within 90 days and then escalate to the MAC, or Plaintiff can escalate to the MAC now and skip the ALJ. 42 U.S.C. § 1395ff(d)(3)(A). Then, if the MAC does not render a decision within the statutorily allotted time, Plaintiff is free to seek judicial review. *Sahara Health Care*, 975 F.3d 523 at 526. This alternative remedy is adequate because, despite the undisputed backlog of Medicare appeals, it is "capable of affording full relief as to the very subject matter in question." *Wolcott*, 635 F.3d at 768.

Moreover, even if Plaintiff had established all three elements necessary for mandamus relief, the Court would be disinclined to grant it before the Defendant has even had a chance to complete the statutory appeal process. Defendant's backlog of cases is notorious. *See, e.g. Supreme Home Health Servs., Inc. v. Azar*, 812 F. App'x

4

229, 232 (5th Cir. 2020). Nevertheless, the process is "constitutionally adequate," providing due process of law. *Sahara Health Care*, 975 F.3d at 533. As the Fourth Circuit has noted:

> [W]e have no reason to believe that any judicial intervention into HHS's administrative process, . . . would improve anything. The courts surely do not have greater competence to administer the Medicare reimbursement claims process than does HHS. And, in addition, judicial intervention as requested by the [plaintiff] would simply put each of its claims at the head of the queue, moving all others back one space and producing no net gain.

*Cumberland Cnty. Hosp. Sys.*, 816 F.3d at 56. In short, "the political branches are best-suited to alleviate OMHA's crippling delays." *Id.* at 57. "Article III treatment of the ailing Article II patient in the manner the [plaintiff] urges" is neither possible nor desirable. *Id.*

In summary, "[t]he common-law writ of mandamus . . . is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief . . . ." *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S. Ct. 2013, 80 L. Ed. 2d 622 (1984). Plaintiff has not exhausted his administrative remedies. Therefore, he has an adequate avenue of relief. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 591 (7th Cir. 2014); *Michael Reese Hosp. & Med. Ctr. v. Thompson*, 427 F.3d 436, 441 (7th Cir. 2005). For these reasons, the Court **denies** Plaintiff's Emergency Motion for Writ of Mandamus [62].

SO ORDERED AND ADJUDGED this 23rd day of June, 2021.

/s/    Keith Starrett
KEITH STARRETT

UNITED STATES DISTRICT JUDGE